## (December 10, 1957)

■ NAT E. HEIT et al., Respondents, v. HARRY PRESTON et al., Appellants. Appeal from an order of the Supreme Court at Special Term, entered June 7, 1957, in New York County, which denied a motion by defendants Sherman R. Wiesen and another for a dismissal of the first cause of action in the complaint. Appeal from an order of said court which denied a motion by defendants Harry Preston and others for a dismissal of the first and second causes of action in the complaint.

MEMORANDUM BY THE COURT. The orders of Special Term should be affirmed. Unless the illegality of an agreement is evident from the pleadings, the claim of illegality should be pleaded as a defense (*Morgenstern* v. *Cohon*, 2 N Y 2d 302). An intention to violate the law is not to be assumed, nor should an agreement be adjudged illegal in advance of proof or in the absence thereof, where it is capable of a construction which will uphold it (*Lorillard* v. *Clyde*, 86 N. Y. 384;

*Friedman* v. *State of New York,* 242 App. Div. 314, 317). The claim of the illegality of this contract should await the development of the facts upon a trial (*Foster* v. *White,* 248 App. Div. 451; *Gardner* v. *Pope,* 283 App. Div. 940).

VALENTE, J. (dissenting). The validity of the agreement of October 11, 1954 was challenged by defendants' motion to dismiss the first cause of action which seeks to recover damages for the alleged breach of that agreement. Special Term and a majority of this court were of the opinion that the claimed illegality does not appear from the face of the agreement, and that a finding of illegality must await a trial where all of the surrounding facts and circumstances will be adduced. In other words, illegality will have to be pleaded as a defense and litigated. (See *Morgenstern* v. *Cohon,* 2 N Y 2d 302.) In my view, the agreement, on its face, is illegal and unenforcible because it unlawfully restrains trade and prevents the employees of the participating parties from freely exercising their lawful trades or callings. Plaintiffs' euphemistic designation of the agreement as a "non-raiding" contract ignores the specific provisions of the agreement which prohibit the parties from hiring former employees of the other mills until such former employees have been unemployed by such former mills for a period of one year. By definition in the agreement the prohibition applies to " any person employed ". This would include employees from the most menial to the highest executive. The validity of the agreement is not to be tested by the fact that the instant suit involves an employee whose duties were substantial. The contract must be tested by its potential and not by its application in this particular instance. So tested, the agreement unquestionably and as a matter of law constitutes an unreasonable restriction of the rights of the employees to earn their living or exercise their calling, and no trial is necessary to reach that conclusion.

I would reverse and grant the motion to dismiss the first cause of action.

Breitel, J. P., Rabin, Frank and McNally, JJ., concur in Memorandum; Valente, J., dissents and votes to reverse and dismiss the first cause of action, in opinion.

Orders appealed from affirmed, with $20 costs and disbursements to the respondents.